COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                       NOS.
 2-06-321-CR

        2-06-322-CR

        2-06-323-CR

 

 

DONTAE SHAMON WYRICK                                                  APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM
THE 371ST DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------








Appellant Dontae Shamon
Wyrick appeals his convictions for aggravated robbery with a deadly weapon and
unlawfully carrying a weapon on school premises,[2]
arguing that the trial court abused its discretion by failing to conduct a
hearing on his motions for new trial and by denying those motions.[3]  We affirm.

BACKGROUND

In 2004, Appellant pled
guilty to two aggravated robbery charges and received deferred adjudication and
ten years= community
supervision in each case. In 2006, the State filed petitions to proceed to
adjudication after Appellant violated the terms and conditions of his community
supervision by carrying a firearm onto school premises.  Appellant pled true to the allegations in the
two petitions to proceed to adjudication in the aggravated robbery cases.
Appellant entered an open plea of guilty to the new offense of unlawfully
carrying a weapon on school premises. 
The trial court rendered judgment on Appellant=s guilty plea in the new case. 
The trial court also adjudicated Appellant guilty of the two 2004
aggravated robbery offenses.  The trial
court made affirmative deadly weapon findings in the aggravated robbery
judgments, and assessed four years= confinement for the unlawfully carrying a weapon offense and ten
years= confinement for each aggravated robbery offense, to be served
concurrently.








Through his newly-appointed
appellate attorney, Appellant timely filed identical motions for a new trial in
each case, alleging that he had received ineffective assistance of counsel
because his trial attorney had failed Ato insure that [he] understood his rights and waiver of the same,@ rendering his pleas involuntary, and had failed to secure the
assistance of an investigator to collect mitigating evidence.

PRESERVATION OF ERROR








Ineffective assistance of
counsel may properly be raised in a motion for new trial.[4]  Reyes v. State, 849 S.W.2d 812, 815
(Tex. Crim. App. 1993). When a timely and adequate motion for new trial,
supported by affidavit and raising matters not shown by the record, is
presented to the trial court, the trial court abuses its discretion when it
fails to hold a hearing on the motion.  See
id. at 815-16.  The rules of
appellate procedure require that a party Apresent@ his motion
for new trial to the trial court within specified time limits.  Tex.
R. App. P. 21.6; Rozell v. State, 176 S.W.3d 228, 230 (Tex. Crim.
App. 2005); Carranza v. State, 960 S.W.2d 76, 79 (Tex. Crim. App. 1998);
Cozzi v. State, 160 S.W.3d 638, 640‑41 (Tex. App.CFort Worth 2005, pet. ref=d).

To Apresent@ a motion
for new trial, a defendant must give the trial court actual notice that he has
both timely filed a motion for new trial and has requested a hearing on that
motion.  See Rozell, 176 S.W.3d at
230.  The record must show the movant
sustained his burden of actually delivering the motion for new trial to the
trial court or otherwise brought the motion to its attention or actual
notice.  Carranza, 960 S.W.2d at
79.

The record establishes that
Appellant timely filed his motions for new trial, but does not show that he
actually delivered or presented the motions to the trial court or otherwise
brought them to the trial court=s attention or actual notice.[5]  See id.  Accordingly, Appellant has failed to preserve
error for appellate review.  Tex. R. App. P. 33.1(a); Rozell,
176 S.W.3d at 230-31.  We overrule
Appellant=s sole
point.[6]








 

CONCLUSION

Having overruled Appellant=s sole point, we affirm the judgments of the trial court.

PER CURIAM

PANEL F: 
HOLMAN, GARDNER, and WALKER, JJ.

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

DELIVERED: 
May 17, 2007











[1]See Tex.
R. App. P. 47.4.





[2]Nos. 2-06-321-CR and 2-06-322-CR
are the aggravated robbery offenses; no. 2-06-323-CR is the unlawfully carrying
a weapon offense.





[3]See Tex.
R. App. P. 21.8(c). 





[4]To the extent that Appellant
complains about matters pertaining to the 2004 proceedings for which he
received deferred adjudication community supervision on the aggravated robbery
charges, those complaints are untimely and we lack jurisdiction to address
them.  See Davis v. State, 195
S.W.3d 708, 712 (Tex. Crim. App. 2006); Nix v. State, 65 S.W.3d 664, 667‑68
(Tex. Crim. App. 2001); Manuel v. State, 994 S.W.2d 658, 661‑62
(Tex. Crim. App. 1999).





[5]The Aacknowledgement of presentment@ is unsigned on each motion, and
there are no other markings except the signature of Appellant=s attorney. We note that each
record contains a docket entry that states Amotion for new trial filed,@ but filing alone is not sufficient
to show presentment.  See Reyes,
849 S.W.2d at 815; Cozzi, 160 S.W.3d at 641 n.5.





[6]Appellant=s failure to attach any supporting
affidavits to his motions for new trial would also defeat his claim.  King v. State, 29 S.W.3d 556, 569
(Tex. Crim. App. 2000); Reyes, 849 S.W.2d at 816.