COZZI V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-028-CR

RAYMOND DOMONIC COZZI JR. APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 371ST DISTRICT COURT OF TARRANT COUNTY

------------

OPINION

------------

Appellant Raymond Domonic Cozzi, Jr. appeals from the trial court’s judgment adjudicating him guilty for the offense of assault on a public servant.  In three points on appeal, Appellant complains that: 1) his plea of guilty was the result of ineffective assistance of counsel and the trial court should not have proceeded to adjudication of guilt and sentencing; 2) the trial court erred and abused its discretion by failing to conduct a hearing on his motion for new trial; and 3) the trial court erred and abused its discretion by failing to grant his motion for new trial.  We affirm.

Background

On April 18, 2002, Appellant was indicted for the felony offense of assault on a public servant.  On January 21, 2003, Appellant entered into a plea bargain in which he agreed to plead guilty and be placed on deferred adjudication community supervision for a period of five years.  The trial court followed the plea bargain agreement and accepted his plea of guilty.  Pursuant to the agreement Appellant was placed on community supervision bound by certain terms and conditions for a period of five years.  On November 4, 2003, Appellant filed a notice of appeal that our court held was untimely and dismissed the appeal for want of jurisdiction.
(footnote: 1)  Thereafter, the State filed a petition to proceed to adjudication, alleging that Appellant had violated certain terms and conditions of his community supervision.  On December 1, 2003, Appellant filed a motion to amend the terms and conditions of his community supervision pursuant to articles 11.072 and 42.12 of the code of criminal procedure, seeking a writ of habeas corpus, and asking the trial court to remove certain conditions of his community supervision.  
See
 
Tex. Code Crim. Proc. Ann
. arts. 11.072 and 42.12.  On January 5, 2004, the trial court held a hearing on the State’s petition to proceed to adjudication.  At the hearing, Appellant pled “not true” to the allegations contained in the State’s petition.  Over Appellant’s objection, the court took judicial notice of the contents contained in a report filed by staff at the SAFPF program.  The court found that Appellant had violated terms of his community supervision, adjudicated his guilt, and sentenced him to seven years’ imprisonment.
(footnote: 2)  Appellant appealed from the trial court’s judgment.  Our court dismissed his appeal for want of jurisdiction, noting that the trial court had not denied Appellant’s application, but had dismissed it, and holding that Appellant did not have the right to appeal from a dismissal of his application.
(footnote: 3)  On January 5, 2004, Appellant filed a notice of appeal.
(footnote: 4)  On January 6, 2004, Appellant filed a motion for new trial.

Appellant’s Points on Appeal

In his first point, Appellant argues that his plea of guilty was the result of ineffective assistance of counsel; therefore, the trial court should not have proceeded to an adjudication of guilt and sentencing.  Because Appellant’s complaint arises from his original plea, he was required to raise the issue in an appeal from the trial court’s order placing him on deferred adjudication community supervision.  
See Manuel v. State
, 994 S.W.2d 658, 661-62 (Tex. Crim. App. 1999); 
Webb v. State
, 20 S.W.3d 834, 835-36 (Tex. App.—Amarillo 2000 no pet.).  An appeal on these grounds should have been commenced within thirty days of the trial court’s “unadjudicated judgment.”  
See
 
Tex. R. App. P
. 26.2(a)(1); 
Garcia v. State
, 29 S.W.3d 899, 901 (Tex. App.—Houston [14th Dist.] 2000, no pet.).  No timely notice of appeal was filed from that judgment.  Therefore, we dismiss Appellant’s first point for want of jurisdiction.

In his second and third points, Appellant argues that the trial court erred and abused its discretion by failing to conduct a hearing on Appellant’s motion for new trial and by failing to grant a new trial.  The rules of appellate procedure require that a party “present” his motion for new trial to the trial court within specified time limits.  
Tex. R. App. P
. 21.6 (providing generally that defendant must present motion for new trial to trial court within ten days of its filing); 
Carranza v. State
, 960 S.W.2d 76, 79 (Tex. Crim. App. 1998) (holding that appellant had burden not only to file motion for new trial, but also to “present” it to the trial court); 
see also Reyes v. State
, 849 S.W.2d 812, 816 (Tex. Crim. App. 1993); 
Amaro v. State
, 970 S.W.2d 172, 173-74 (Tex. App.—Fort Worth 1998, no pet.).  According to 
Carranza
, the term “ ‘present’ . . . means the record must show the movant for a new trial sustained the burden of actually delivering the motion for new trial to the trial court or otherwise bringing the motion to the attention or actual notice of the trial court.”  960 S.W.2d at 79.

Here the record establishes that Appellant timely filed his motion for new trial, but it does not show that he actually delivered the motion for new trial to the trial court or otherwise brought the motion to the trial court’s attention or gave the trial court actual notice of the filing.
(footnote: 5)  Accordingly, Appellant forfeited these complaints for review because he failed to preserve error.  
Tex. R. App. P
. 33.1(a); 
Mendez v. State
, 138 S.W.3d 334, 339 (Tex. Crim. App. 2004).  Therefore, we overrule his second and third points.

Conclusion 

We dismiss Appellant’s first point for want of jurisdiction and, having overruled his second and third points, we affirm the trial court’s judgment.

DIXON W. HOLMAN

JUSTICE

PANEL F:  LIVINGSTON, DAUPHINOT and HOLMAN, JJ.

PUBLISH

DELIVERED:  February 24, 2005

FOOTNOTES
1:
See Cozzi v. State
, No. 2-03-00459-CR, 2003 WL 22966275 (Tex. App.—Fort Worth Dec. 18, 2003, no pet.) (not designated for publication).

2:
The trial court signed a judgment stating that because of the imposition of sentence, Appellant’s application for writ of habeas corpus is moot and is dismissed. 

3:
See Ex parte Cozzi
, 138 S.W.3d 454, 455 (Tex. App.—Fort Worth 2004, pet. ref’d). 

4:
The trial court certified that it had granted Appellant the right to appeal.  

5:
We note that the clerk’s record contains a docket entry that states, “motion for new trial filed,” but this alone is not sufficient to show presentment.  
See
 
Amaro
, 970 S.W.2d at 174 n. 2 (citing 
Reyes
, 849 S.W.2d at 815).