SCHMIDT V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-523-CR

KELLEY RENEE SCHMIDT APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 396TH DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Kelley Renee Schmidt appeals her sentence for possession of four or more, but less than 200, grams of a controlled substance, gamma hydroxybutyrate.  In a single point, appellant complains that the trial court should have set her motion for new trial for hearing and granted her a new trial because her four-year sentence is excessive. 

Nothing in the record indicates that appellant presented her motion for new trial to the trial court by bringing the motion to the court’s attention in any way.
(footnote: 2)  Accordingly, appellant has forfeited her complaint that the trial court abused its discretion by not setting the motion for hearing.
(footnote: 3)
 Further, appellant did not raise her complaint of excessive punishment in her motion for new trial or elsewhere in the trial court.  Therefore, she has forfeited this complaint as well.
(footnote: 4)
 For these reasons, we overrule appellant’s point and affirm the trial court’s judgment.

PER CURIAM

PANEL F: CAYCE, C.J.; HOLMAN and GARDNER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: July 28, 2005

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
See
 
Tex. R. App. P.
 21.6 (providing that motion for new trial must be presented to trial court within 10 days of filing); 
Carranza v. State,
 960 S.W.2d 76, 78 (Tex. Crim. App. 1998) (holding that filing of motion for new trial does not show presentment and that movant must deliver motion to court or otherwise bring motion to court’s attention); 
Cozzi v. State
 160 S.W.3d 638, 640 (Tex. App.—Fort Worth 2005, pet. filed) (same).

3:
See Cozzi,
 160 S.W.3d at 640-41.

4:
Curry v. State,
 910 S.W.2d 490, 497 (Tex. Crim. App. 1995); 
Solis v. State,
 945 S.W.2d 300, 301 (Tex. App.—Houston [1st Dist.] 1997, pet. ref’d).