COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-523-CR
 
  
KELLEY RENEE SCHMIDT                                                       APPELLANT
  
V.
  
THE STATE OF TEXAS                                                                  STATE
 
  
------------
 
FROM THE 396TH DISTRICT COURT 
OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        Kelley 
Renee Schmidt appeals her sentence for possession of four or more, but less than 
200, grams of a controlled substance, gamma hydroxybutyrate.  In a single 
point, appellant complains that the trial court should have set her motion for 
new trial for hearing and granted her a new trial because her four-year sentence 
is excessive.
        Nothing 
in the record indicates that appellant presented her motion for new trial to the 
trial court by bringing the motion to the court’s attention in any way.[2]  Accordingly, appellant has forfeited her complaint 
that the trial court abused its discretion by not setting the motion for 
hearing.[3]
        Further, 
appellant did not raise her complaint of excessive punishment in her motion for 
new trial or elsewhere in the trial court.  Therefore, she has forfeited 
this complaint as well.[4]
        For 
these reasons, we overrule appellant’s point and affirm the trial court’s 
judgment.
  
  
                                                          PER 
CURIAM
 
 
 
PANEL F:   CAYCE, 
C.J.; HOLMAN and GARDNER, JJ.
 
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: July 28, 2005


NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
See Tex. R. App. P. 21.6 
(providing that motion for new trial must be presented to trial court within 10 
days of filing); Carranza v. State, 960 S.W.2d 76, 78 (Tex. Crim. App. 
1998) (holding that filing of motion for new trial does not show presentment and 
that movant must deliver motion to court or otherwise bring motion to court’s 
attention); Cozzi v. State 160 S.W.3d 638, 640 (Tex. App.—Fort Worth 
2005, pet. filed) (same).
3.  
See Cozzi, 160 S.W.3d at 640-41.
4.  
Curry v. State, 910 S.W.2d 490, 497 (Tex. Crim. App. 1995); Solis v. 
State, 945 S.W.2d 300, 301 (Tex. App.—Houston [1st Dist.] 1997, pet. 
ref’d).