David Uriah Dempsey v. The State of Texas

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-524-CR

DAVID URIAH DEMPSEY APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 396
TH
 DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Pursuant to a plea bargain, Appellant David Uriah Dempsey pled guilty to sexual assault, and the trial court placed him on eight years’ deferred adjudication community supervision.  Later, the State filed a petition to proceed to adjudication.  Appellant entered an open plea of true to the allegations in the petition.  The trial court adjudicated him guilty and sentenced him to ten years’ confinement in the Institutional Division of the Texas Department of Criminal Justice.  Appellant filed a motion for new trial, contending, among other things, that his original guilty plea was involuntary.  After a hearing, the trial court denied Appellant’s motion for new trial.

In one point, Appellant contends that the trial court erred by denying his motion for new trial alleging that his guilty plea was involuntary.  
Appellant is attempting to backdoor a complaint about his guilty plea by presenting it in a motion for new trial and appeal therefrom.  
Because the gravamen of Appellant's complaint arises from his original plea, he was required to raise the issue in a timely appeal from the trial court's order placing him on deferred adjudication community supervision.
(footnote: 2)  He did not, choosing instead to raise it only after he was adjudicated and his community supervision was revoked.  Consequently, we hold that the trial court did not abuse its discretion by denying Appellant’s motion for new trial.  We overrule Appellant’s sole point and affirm the trial court’s judgment.

PER CURIAM

PANEL F: DAUPHINOT, J.; CAYCE, C.J.; and MCCOY, J.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  August 25, 2005

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
See
 
Jordan v. State
, 54 S.W.3d 783, 786 (Tex. Crim. App. 2001); 
Cozzi v. State
, 
160 S.W.3d 638, 640 (Tex. App.—Fort Worth 2005, pet. ref’d).