COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-524-CR
  
  
DAVID 
URIAH DEMPSEY                                                        APPELLANT
  
V.
  
THE 
STATE OF TEXAS                                                                  STATE
 
  
------------
 
FROM 
THE 396TH DISTRICT COURT OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        Pursuant 
to a plea bargain, Appellant David Uriah Dempsey pled guilty to sexual assault, 
and the trial court placed him on eight years’ deferred adjudication community 
supervision.  Later, the State filed a petition to proceed to adjudication. 
Appellant entered an open plea of true to the allegations in the petition.  
The trial court adjudicated him guilty and sentenced him to ten years’ 
confinement in the Institutional Division of the Texas Department of Criminal 
Justice.  Appellant filed a motion for new trial, contending, among other 
things, that his original guilty plea was involuntary.  After a hearing, 
the trial court denied Appellant’s motion for new trial.
        In 
one point, Appellant contends that the trial court erred by denying his motion 
for new trial alleging that his guilty plea was involuntary.  Appellant is 
attempting to backdoor a complaint about his guilty plea by presenting it in a 
motion for new trial and appeal therefrom.  Because the gravamen of 
Appellant's complaint arises from his original plea, he was required to raise 
the issue in a timely appeal from the trial court's order placing him on 
deferred adjudication community supervision.[2]  
He did not, choosing instead to raise it only after he was adjudicated and his 
community supervision was revoked.  Consequently, we hold that the trial 
court did not abuse its discretion by denying Appellant’s motion for new 
trial.  We overrule Appellant’s sole point and affirm the trial court’s 
judgment.
   
    
                                                                  PER 
CURIAM
   
 
PANEL 
F:   DAUPHINOT, J.; CAYCE, C.J.; and MCCOY, J.
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
August 25, 2005


NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
See Jordan v. State, 54 S.W.3d 783, 786 (Tex. Crim. App. 2001); Cozzi 
v. State, 160 S.W.3d 638, 640 (Tex. App.—Fort Worth 2005, pet. ref’d).