In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-05-113 CR


____________________



FREDDIE LEE GARNER, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the Criminal District Court


Jefferson County, Texas


Trial Cause No. 83485






 MEMORANDUM OPINION 


 Appellant, Freddie Lee Garner, appeals from the trial court's judgment adjudicating
him guilty of the July 15, 2000 offense of Aggravated Sexual Assault of a Child. See Tex.
Pen. Code Ann. § 22.021 (Vernon Supp. 2005). (1) In his sole issue, Garner contends that his
plea was not entered voluntarily or knowingly in the original plea proceeding due to
ineffective assistance of counsel. Because his notice of appeal was not timely, we have no
jurisdiction over the trial court's judgment. We dismiss this appeal for want of jurisdiction.

 Garner was indicted for the July 15, 2000 felony offense of Aggravated Sexual
Assault of a Child. Id. Under the Penal Code, the punishment range for this offense is a
minimum sentence of five years to a maximum of life in prison. See Tex. Pen. Code Ann.
§12.32 (Vernon 2003). In addition to imprisonment, an individual found guilty of
Aggravated Sexual Assault of a Child may be punished with a fine not to exceed $10,000. 
Id. 

 Garner pled guilty to the indictment without the benefit of a plea bargain with the
State. On September 10, 2001, the trial court deferred all proceedings and placed Garner on
community supervision for ten years. The court also assessed a fine of $1,000. 

 On December 28, 2004, the State filed a motion to revoke Garner's community
supervision alleging that he violated the terms of his community supervision by: (1) failing
to report to his probation officer as scheduled; (2) failing to attend court-ordered
rehabilitation, treatment, residential programs, counseling and various sex offender group
sessions; (3) failing to perform community service work as required; and (4) failing to pay
fees as directed by the court. After a hearing, in which Garner pled "true" to allegations one
and two in the Motion to Revoke Unadjudicated Probation, the trial court found Garner
guilty and sentenced him to confinement in state prison for a term of fifteen years. Garner
filed a notice of appeal on March 14, 2005. The trial court certified that this was not a plea-bargain case and that Garner had the right to appeal. 

 Before we reach the merits of an appeal, we must have jurisdiction over the appeal. 
Our jurisdiction over this appeal depends on whether Garner filed a timely notice of appeal.

 Article 44.01(j) of the Texas Code of Criminal Procedure is relevant to determining
Garner's right to appeal. See Tex. Code Crim. Proc. Ann. art. 44.01(j) (Vernon Supp.
2005). (2) Article 44.01(j) states that "[t]he defendant's right to appeal under Article 44.02 may
be prosecuted by the defendant where the punishment assessed is in accordance with
Subsection (a), Section 3d, Article 42.12 of this code, as well as any other punishment
assessed in compliance with Article 44.02 of this code." (3) Id. Article 44.02 grants the
defendant the right to appeal in a criminal case. See Tex. Code Crim. Proc. Ann. art. 44.02
(Vernon 1979 & Supp. 2005). 

 Thus, Garner had a right to appeal his sentence. In a non-death penalty criminal case,
"appeal is perfected by timely filing a sufficient notice of appeal." Tex. R. App. P. 25.2(b). 
 Under Rule 26.2(a), absent a timely filed motion for new trial, the notice of appeal
must be filed within thirty days after sentence is imposed or suspended in open court, or after
the day the trial court enters an appealable order. Tex. R. App. P. 26.2(a). Garner did not file
a motion for new trial in this case. Thus, Garner's notice of appeal under Rule 26.2(a) was
due to be filed on or before October 10, 2001, thirty days after his original plea. Id.

 Garner's appeal stems from complaints of ineffective assistance of counsel associated
with his plea of guilty to Aggravated Sexual Assault of a Child. Following his plea, the court
imposed deferred adjudication community supervision. The Court of Criminal Appeals
determined that the legislature's "intent in enacting Article 44.01(j) was to permit defendants
to appeal from deferred adjudication community supervision to the same extent (i.e., with the
same rights and restrictions) as defendants are permitted to appeal from 'regular' community
supervision." Manuel v. State, 994 S.W.2d 658, 661 (Tex. Crim. App. 1999) (citations
omitted). 

 Because Garner's complaint of ineffective assistance of counsel asserted here arises
from his original plea proceeding, rather than from proceedings associated with the
revocation of his community supervision, he was required to raise this complaint in an appeal
from the trial court's order placing him on deferred adjudication. See id. at 660-62; Cozzi
v. State, 160 S.W.3d 638, 640 (Tex. App. - Fort Worth 2005, pet. ref'd ); Webb v. State, 20
S.W.3d 834, 835-36 (Tex. App. - Amarillo 2000, no pet.). However, Garner did not file a
notice of appeal until March 14, 2005, following the court's revocation of his placement on
community supervision. Garner's failure to file a timely notice of appeal from the trial
court's order in accordance with Rule 26.2(a) deprives us of jurisdiction over his appeal. 
Tex. R. App. P. 26.2(a). Therefore, we dismiss Garner's appeal for want of jurisdiction.

 APPEAL DISMISSED. 

 ___________________________

 HOLLIS HORTON

 Justice


Submitted on September 15, 2005

Opinion Delivered December 7, 2005

Do Not Publish


Before McKeithen, C.J., Gaultney and Horton, JJ.



1. Although the statute was amended after the commission of the alleged offense, there
were no changes in the section relevant to our analysis of this appeal. Compare Act of May
28, 1999, 76th Leg., R.S., ch. 417, §1, 1999 Tex. Gen. Laws 2752 (the statutory provisions
in effect at the time of this offense).
2. Although the statute was amended after commission of the alleged offense, there
were no changes in the section relevant to our analysis of this appeal. Compare Act of May
30, 1987, 70th Leg., R.S., ch. 382, §1, 1987 Tex. Gen. Laws 1884 (the statutory provisions
in effect at the time of this offense). 
3. Article 44.01(j) references Article 42.12 Sec. 3d(a); however, that section was
recodified and is now located in Article 42.12, Sec. 5(a). See Act of May 29, 1989, 71st
Leg., R.S., ch. 785, § 4.17, 1989 Tex. Gen. Laws 3500. Article 44.01(j) referring to Art.
42.12, Sec. 3d(a), has not been amended to refer to the recodification. See Dillehey v. State,
815 S.W.2d 623, 624 n.1 (Tex. Crim. App. 1991).