Affirmed and Memorandum Opinion filed February 27, 2007








Affirmed and Memorandum Opinion filed February 27, 2007.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-00104-CR

____________

 

RAYMOND DARNELL OAKS, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 182nd
District Court

Harris County, Texas

Trial Court Cause No. 984855

 



 

M EM O R A N D U M   O P I N I O N








Appellant, Raymond Darnell Oaks, was charged with
aggravated sexual assault of a child.  He pleaded guilty to indecency with a
child pursuant to a plea agreement with the State.  In accordance with the plea
agreement, the trial court assessed punishment at five years= deferred
adjudication and a $200.00 fine.  Asserting that appellant had violated the
terms of his probation, the State thereafter moved to adjudicate his guilt. 
The trial court found the allegations in the State=s motion to be
true, revoked appellant=s probation, found him guilty of indecency
of a child, and assessed punishment at two years= incarceration in
the Texas Department of Criminal Justice, Institutional Division, and a $200.00
fine.  Appellant filed a motion for new trial.  The trial court did not hold a
hearing on the motion and it was overruled by operation of law.  

In his sole point of error on appeal, appellant claims the
trial court erred in not granting a hearing on his motion for new trial.  The
right to a hearing on a motion for new trial is not absolute.  Rozell v.
State, 176 S.W.3d 228, 230 (Tex. Crim. App. 2005).  Appellant was required
to Apresent@ his motion to the
trial court within 10 days of its filing.  Tex.
R. App. P. 21.6.  However, the filing of a motion for new trial alone is
not sufficient to show Apresentment.@  Carranza v.
State, 960 S.W.2d 76, 78 (Tex. Crim. App. 1998).  Instead, Apresent@ means the movant
for a new trial actually delivered the motion to the trial court or otherwise
brought the motion to the attention of the trial court or the trial court had
actual notice of the motion.  Id. at 79.  

Appellant=s motion for new
trial states: 

Undersigned counsel respectfully request [sic] that
the Court take this Motion under consideration, set the matter for an
evidentiary hearing by testimony or the submission of affidavits and grant
Appellant=s motion.

This motion is
timely filed on February 8, 2006, within thirty days of sentencing, and will be
presented to the Court within ten days of it=s [sic] filing.








The order filed with the motion contains a line for the
date the motion was heard by the trial court, two lines indicating whether the
trial court granted or denied the motion, and a signature line.  All lines on
the order are blank.  Although the motion requests that the trial court set the
motion for a hearing and further states it Awill be presented
to the Court,@ there is nothing in the record to suggest that
appellant presented it to the trial court; otherwise brought the motion to the
attention of the trial court; or that the trial court had actual notice of the
motion.  Moreover, while the last docket sheet notation states, AMotion For New
Trial Filed,@ this is not sufficient to show presentment.  Cozzi
v. State, 160 S.W.3d 638, 641 n.5 (Tex. App.CFort Worth 2005,
pet. ref=d); Longoria v.
State, 154 S.W.3d 747, 762 (Tex. App.CHouston [14th
Dist.] 2004, pet. ref=d).  

In addition to presentment, a motion for new trial must be
supported by an affidavit of either the defendant or another individual
specifically showing the truth of the grounds asserted in the motion.  Jordan
v. State, 883 S.W.2d 664, 665 (Tex. Crim. App. 1994).  In his appellate
brief, appellant acknowledges that his motion for new trial was not supported
by an affidavit.  In the absence of a supporting affidavit and presentment of
the motion to the trial court, the trial court did not abuse its discretion in
not holding a hearing on appellant=s motion for new
trial.  Appellant=s sole point of error is overruled.  

Accordingly, the judgment of the trial court is affirmed.  

 

 

 

 

 

/s/      J. Harvey Hudson

Justice

 

 

 

 

Judgment rendered
and Memorandum Opinion filed February 27, 2007.

Panel consists of
Justices Yates, Anderson, and Hudson.

Do Not Publish C Tex. R. App. P. 47.2(b).