COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NOS.  2-06-321-CR

       
 2-06-322-CR

        2-06-323-CR

DONTAE SHAMON WYRICK APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 371ST DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Dontae Shamon Wyrick appeals his convictions for aggravated robbery with a deadly weapon and unlawfully carrying a weapon on school premises,
(footnote: 2) arguing that the trial court abused its discretion by failing to conduct a hearing on his motions for new trial and by denying those motions.
(footnote: 3)  We affirm.

BACKGROUND

In 2004, Appellant pled guilty to two aggravated robbery charges and received deferred adjudication and ten years’ community supervision in each case. In 2006, the State filed petitions to proceed to adjudication after Appellant violated the terms and conditions of his community supervision by carrying a firearm onto school premises.  Appellant pled true to the allegations in the two petitions to proceed to adjudication in the aggravated robbery cases. Appellant entered an open plea of guilty to the new offense of unlawfully carrying a weapon on school premises.  The trial court rendered judgment on Appellant’s guilty plea in the new case.  The trial court also adjudicated Appellant guilty of the two 2004 aggravated robbery offenses.  The trial court made affirmative deadly weapon findings in the aggravated robbery judgments, and assessed four years’ confinement for the unlawfully carrying a weapon offense and ten years’ confinement for each aggravated robbery offense, to be served concurrently.

Through his newly-appointed appellate attorney, Appellant timely filed identical motions for a new trial in each case, alleging that he had received ineffective assistance of counsel because his trial attorney had failed “to insure that [he] understood his rights and waiver of the same,” rendering his pleas involuntary, and had failed to secure the assistance of an investigator to collect mitigating evidence.

PRESERVATION OF ERROR

Ineffective assistance of counsel may properly be raised in a motion for new trial.
(footnote: 4)  
Reyes v. State
, 849 S.W.2d 812, 815 (Tex. Crim. App. 1993). When a timely and adequate motion for new trial, supported by affidavit and raising matters not shown by the record, is presented to the trial court, the trial court abuses its discretion when it fails to hold a hearing on the motion.  
See
 
id
. at 815-16.  The rules of appellate procedure require that a party “present” his motion for new trial to the trial court within specified time limits.  
Tex. R. App. P. 
21.6; 
Rozell v. State
, 176 S.W.3d 228, 230 (Tex. Crim. App. 2005); 
Carranza v. State
, 960 S.W.2d 76, 79 (Tex. Crim. App. 1998); 
Cozzi v. State
, 160 S.W.3d 638, 640-41 (Tex. App.—Fort Worth 2005, pet. ref’d).

To “present” a motion for new trial, a defendant must give the trial court actual notice that he has both timely filed a motion for new trial and has requested a hearing on that motion.  
See Rozell
, 176 S.W.3d at 230.  The record must show the movant sustained his burden of actually delivering the motion for new trial to the trial court or otherwise brought the motion to its attention or actual notice.  
Carranza
, 960 S.W.2d at 79.

The record establishes that Appellant timely filed his motions for new trial, but does not show that he actually delivered or presented the motions to the trial court or otherwise brought them to the trial court’s attention or actual notice.
(footnote: 5)  
See id. 
 Accordingly, Appellant has failed to preserve error for appellate review.  
Tex. R. App. P
. 33.1(a); 
Rozell,
 176 S.W.3d at 230-31
.  We overrule Appellant’s sole point.
(footnote: 6)

CONCLUSION

Having overruled Appellant’s sole point, we affirm the judgments of the trial court.

PER CURIAM

PANEL F:  HOLMAN, GARDNER, and WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:
  May 17, 2007

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
Nos. 2-06-321-CR and 2-06-322-CR are the aggravated robbery offenses; no. 2-06-323-CR is the unlawfully carrying a weapon offense.

3:
See
 
Tex. R. App. P
. 21.8(c). 

4:
To the extent that Appellant complains about matters pertaining to the 2004 proceedings for which he received deferred adjudication community supervision on the aggravated robbery charges, those complaints are untimely and we lack jurisdiction to address them.  
See Davis v. State,
 195 S.W.3d 708, 712 (Tex. Crim. App. 2006); 
Nix v. State
, 65 S.W.3d 664, 667-68 (Tex. Crim. App. 2001); 
Manuel v. State
, 994 S.W.2d 658, 661-62 (Tex. Crim. App. 1999).

5:
The “acknowledgement of presentment” is unsigned on each motion, and there are no other markings except the signature of Appellant’s attorney. We note that each record contains a docket entry that states “motion for new trial filed,” but filing alone is not sufficient to show presentment.  
See Reyes
, 849 S.W.2d at 815; 
Cozzi
, 160 S.W.3d at 641 n.5.

6:
Appellant’s failure to attach any supporting affidavits to his motions for new trial would also defeat his claim.  
King v. State
, 29 S.W.3d 556, 569 (Tex. Crim. App. 2000); 
Reyes
, 849 S.W.2d at 816.