COURT OF APPEALS

                                       SECOND DISTRICT OF TEXAS

                                                   FORT WORTH

 

                                        NO.
2-09-404-CR

 

MELVIN CADE                                                                     APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

            FROM
THE 367TH DISTRICT COURT OF DENTON COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

Through
a letter sent to him and to his trial counsel on January 14, 2010, we have
given appellant Melvin Cade an opportunity to explain why his notice of appeal
was untimely filed[2]
and why this appeal should not be dismissed for want of jurisdiction.  He has not done so.  








Furthermore,
the trial court=s certification of appellant=s right
to appeal states that this is a plea bargain case and appellant has no right of
appeal and that he has waived any such right. 
See Tex. R. App. P. 25.2(a)(2).

Accordingly,
we dismiss the appeal for want of jurisdiction. 
See Tex. R. App. P. 25.2(b), 26.2(a), 43.2(f); Swearingen v.
State, 189 S.W.3d 779, 781 (Tex. Crim. App. 2006)
(dismissing an appeal because of an untimely notice of appeal); Olivo v. State, 918 S.W.2d
519, 522 (Tex. Crim. App. 1996) (AA timely
notice of appeal is necessary to invoke a court of appeals=
jurisdiction.@).

 

PER
CURIAM

PANEL:  LIVINGSTON, DAUPHINOT, and GARDNER, JJ.

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  February 18, 2010











[1]See Tex. R. App. P. 47.4.





[2]The trial court imposed
its sentence in March 2009, and appellant did not file his pro se AMotion to Appeal
Voluntariness of Guilty Plea Notice to Trial Court@ (which we liberally
construe as his notice of appeal) until November 2009.  Thus, his notice of appeal is untimely.  See Tex. R. App. P. 26.2(a); Cozzi v. State, 160 S.W.3d
638, 640 (Tex. App.CFort Worth 2005, pet. ref=d).