

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 2-09-404-CR

MELVIN CADE                                                              APPELLANT

V.

THE STATE OF TEXAS                                                              STATE

------------

FROM THE 367TH DISTRICT COURT OF DENTON COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Through a letter sent to him and to his trial counsel on January 14, 2010, we have given appellant Melvin Cade an opportunity to explain why his notice of appeal was untimely filed[2] and why this appeal should not be dismissed for want of jurisdiction.  He has not done so.

---

[1] *See* Tex. R. App. P. 47.4.

[2] The trial court imposed its sentence in March 2009, and appellant did not file his pro se "Motion to Appeal Voluntariness of Guilty Plea Notice to Trial Court" (which we liberally construe as his notice of appeal) until November 2009.  Thus, his notice of appeal is untimely.  *See* Tex. R. App. P. 26.2(a); *Cozzi v. State*, 160 S.W.3d 638, 640 (Tex. App.—Fort Worth 2005, pet. ref'd).

Furthermore, the trial court's certification of appellant's right to appeal states that this is a plea bargain case and appellant has no right of appeal and that he has waived any such right. *See* Tex. R. App. P. 25.2(a)(2).

Accordingly, we dismiss the appeal for want of jurisdiction. *See* Tex. R. App. P. 25.2(b), 26.2(a), 43.2(f); *Swearingen v. State*, 189 S.W.3d 779, 781 (Tex. Crim. App. 2006) (dismissing an appeal because of an untimely notice of appeal); *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996) ("A timely notice of appeal is necessary to invoke a court of appeals' jurisdiction.").


PER CURIAM

PANEL:  LIVINGSTON, DAUPHINOT, and GARDNER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  February 18, 2010