**Opinion issued February 19, 2015**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-14-00224-CR

_____

**DEDRICK ROBBINS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

On Appeal from the 263rd District Court
Harris County, Texas
Trial Court Case No. 1373139

## MEMORANDUM OPINION

Appellant, Dedrick Robbins, was charged with the offense of aggravated robbery. Pursuant to a plea bargain with the State, appellant pleaded guilty to the offense in exchange for deferred adjudication community supervision. Subsequently, the State moved the trial court to revoke his community supervision

and adjudicate his guilt. Appellant pleaded true to the State's allegations that he violated various provisions of his community supervision, and the trial court assessed his punishment at confinement for ten years. Appellant now appeals, arguing (1) that his waiver of his right to a pre-sentence investigation report at the time of his original guilty plea was invalid and (2) that his counsel was ineffective because she failed to present his motion for new trial to the trial court, "thereby waiving [his] right to a hearing on the allegations in the motion."

We affirm.

## Background

Appellant was indicted for the felony offense of aggravated assault with a deadly weapon. In May 2013, appellant pleaded guilty to aggravated robbery pursuant to a plea agreement with the State. In conjunction with his guilty plea, appellant signed a judicial confession and waived certain rights, including his right to the preparation of a pre-sentence investigation report. In accordance with the plea bargain, the trial court deferred adjudication of appellant's guilt and placed appellant on community supervision for a period of five years. The trial court certified that, because it was a plea bargain case, appellant had no right of appeal.

Several months later, in December 2013, the State moved to adjudicate appellant's guilt, alleging that he had violated various terms of his community supervision, including using controlled substances and failing to perform the

2

required community service. Appellant pleaded true to the State's allegations without an agreed recommendation as to punishment. The trial court adjudicated appellant's guilt, assessed his punishment at ten years' confinement, and certified appellant's right to appeal from that judgment.

Following the entry of judgment, appellant retained new counsel who filed a motion for new trial. The motion asserted in a conclusory manner that appellant was entitled to a new trial because his plea counsel was ineffective, his plea on the motion to adjudicate was involuntary, he did not understand the nature of the proceedings or the consequences of his actions, the trial court abused its discretion, there was no agreed recommendation on punishment, and the punishment was excessive. The motion for new trial was accompanied by appellant's affidavit. Appellant's affidavit contained only the following sworn statements: "1.) Plea to the motion to adjudicate was not done freely and voluntarily; 2.) I did not understand the nature of the proceedings; 3.) I did not understand the consequences of my actions; I affirm that all of the aforementioned facts are true and accurate." The record does not indicate whether this motion was presented to the trial court, and it was overruled by operation of law. Meanwhile, appellant's retained counsel moved to withdraw from representing appellant after filing the motion for new trial, stating that appellant had "voided" their contract. Appellant filed a pro se notice of appeal.

**Waiver of Pre-Sentence Investigation Report**

In his first issue, appellant argues that his waiver of his right to a pre-sentence investigation report at the time he originally entered his guilty plea was invalid. However, a defendant who is placed on deferred adjudication community supervision may appeal issues relating to the original plea proceeding only in an appeal taken when deferred adjudication is first imposed. *Manuel v. State*, 994 S.W.2d 658, 661–62 (Tex. Crim. App. 1999); *Cozzi v. State*, 160 S.W.3d 638, 640 (Tex. App.—Fort Worth 2005, pet. ref'd) ("Because Appellant's complaint arises from his original plea, he was required to raise the issue in an appeal from the trial court's order placing him on deferred adjudication community supervision."). An appeal on these grounds should have been commenced within thirty days of the trial court's order deferring adjudication of guilt. *See Cozzi*, 160 S.W.3d at 640; TEX. R. APP. P. 26.2(a) (providing time for defendant's filing of notice of appeal). Here, appellant did not appeal from the order granting deferred adjudication, and this Court is without jurisdiction to consider this issue. *See Manuel*, 994 S.W.2d at 661–62; *Cozzi*, 160 S.W.3d at 640.

We overrule appellant's first issue.

**Ineffective Assistance of Counsel**

In his second issue, appellant argues that his counsel was ineffective because

she filed a motion for new trial with a supporting affidavit alleging matters extrinsic to the record, thereby entitling the appellant to a

hearing on the motion, but then never presented it to the trial court as required by [Texas Rule of Appellate Procedure] 21.6, thereby waiving the right to a hearing on the allegations in the motion.

Thus, appellant complains that he was entitled to a hearing on his motion for new trial and that his counsel's ineffectiveness deprived him of this right.

## A.    Standard of Review

To establish that trial counsel rendered ineffective assistance, an appellant must demonstrate, by a preponderance of the evidence, that (1) his counsel's performance was deficient and (2) a reasonable probability exists that the result of the proceeding would have been different but for his counsel's deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); *Perez v. State*, 310 S.W.3d 890, 892–93 (Tex. Crim. App. 2010). The appellant's failure to make either of the required showings of deficient performance or sufficient prejudice defeats the claim of ineffective assistance. *Rylander v. State*, 101 S.W.3d 107, 110 (Tex. Crim. App. 2003); *see also Williams v. State*, 301 S.W.3d 675, 687 (Tex. Crim. App. 2009) ("An appellant's failure to satisfy one prong of the *Strickland* test negates a court's need to consider the other prong.").

The first prong of *Strickland* requires the appellant to show that his counsel's performance fell below an objective standard of reasonableness. *Robertson v. State*, 187 S.W.3d 475, 483 (Tex. Crim. App. 2006); *Thompson v.*

*State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999). The second prong of *Strickland* requires the appellant to demonstrate prejudice—"a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068; *Thompson*, 9 S.W.3d at 812. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068.

A defendant does not have an absolute right to a hearing on his motion for new trial. *Hobbs v. State*, 298 S.W.3d 193, 199 (Tex. Crim. App. 2009). "But a trial judge abuses his discretion in failing to hold a hearing if the motion and accompanying affidavits (1) raise matters which are not determinable from the record and (2) establish reasonable grounds showing that the defendant could potentially be entitled to relief." *Id.*; *Smith v. State*, 286 S.W.3d 333, 338 (Tex. Crim. App. 2009). Thus, "[a] new-trial motion must be supported by an affidavit specifically setting out the factual basis for the claim," and if the affidavit "is conclusory, is unsupported by facts, or fails to provide requisite notice of the basis for the relief claimed, no hearing is required." *Hobbs*, 298 S.W.3d at 199. While a defendant need not plead a prima facie case in his new trial motion, "he must at least allege sufficient facts that show reasonable grounds to demonstrate that he could prevail." *Id.* at 199–200.

**B.    Analysis**

Here, appellant argues that his counsel was ineffective for failing to present his motion for new trial to the trial court.  He argues that he was deprived of effective representation during a crucial phase of his proceeding—the thirty-day period after the trial court signed the judgment—and that he was prejudiced because, if the motion for new trial had been properly presented, the trial court might have granted it, and, even if the trial court would have denied it, he was entitled to a hearing at which he could adduce additional facts to support his claim upon review.  He further argues that we should abate his case so that the trial court may properly consider his motion for new trial.  He does not argue that the motion itself or the affidavit attached to it was defective.

Appellant's claim that he suffered prejudice as a result of his counsel's alleged ineffectiveness hinges on his claim that he was entitled to a hearing on his motion for new trial.  To be entitled to a hearing on his motion for new trial, appellant's motion and accompanying affidavit had to raise matters that were not determinable from the record and had to establish reasonable grounds showing that he could potentially be entitled to relief.  *See Hobbs*, 298 S.W.3d at 199; *cf. Cooks v. State*, 240 S.W.3d 906, 911–12 (Tex. Crim. App. 2007) (holding that deprivation of counsel during critical thirty-day window for filing motion for new trial was harmless beyond reasonable doubt because appellant's motion to abate presented

7

no "facially plausible claims" that could have been presented in motion for new trial). Here, however, the motion for new trial and his accompanying affidavit were conclusory and unsupported by facts. *See Hobbs*, 298 S.W.3d at 199 (holding that where affidavit "is conclusory, is unsupported by facts, or fails to provide requisite notice of the basis for the relief claimed, no hearing is required").

Appellant's motion for new trial contained only conclusory assertions that he was entitled to a new trial because his plea counsel was ineffective, his plea on the motion to adjudicate was involuntary, he did not understand the nature of the proceedings or the consequences of his actions, the trial court abused its discretion, there was no agreed recommendation on punishment, and the punishment was excessive. Likewise, appellant's affidavit was conclusory and contained only the following sworn statements: "1.) Plea to the motion to adjudicate was not done freely and voluntarily; 2.) I did not understand the nature of the proceedings; 3.) I did not understand the consequences of my actions; I affirm that all of the aforementioned facts are true and accurate." Thus, appellant was not entitled to a hearing on his motion for new trial regardless of whether the motion had been presented to the trial court. *See id.*

Likewise, in his brief on appeal, appellant fails to identify any "facially plausible claims" or other evidence that could have been presented in a hearing on his motion for new trial. *See Cooks*, 240 S.W.3d at 911–12. We conclude that any

8

ineffectiveness of his counsel regarding the motion for new trial was harmless beyond a reasonable doubt, and he is not entitled to an abatement for a hearing on his motion for new trial. *See id.* Thus, appellant has failed to demonstrate prejudice as a result of his counsel's alleged ineffectiveness. *See Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068; *Thompson*, 9 S.W.3d at 812; *see also Williams*, 301 S.W.3d at 687 ("An appellant's failure to satisfy one prong of the *Strickland* test negates a court's need to consider the other prong.").

We overrule appellant's second issue.

## Conclusion

We affirm the judgment of the trial court.

Evelyn V. Keyes
Justice

Panel consists of Justices Keyes, Higley, and Brown.

Do not publish. TEX. R. APP. P. 47.2.