ACCEPTED
04-14-00862-CR
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
3/16/2015 7:27:33 PM
KEITH HOTTLE
CLERK

No. 04-14-00862-CR

IN THE COURT OF APPEALS FOR THE

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
3/16/2015 7:27:33 PM
KEITH E. HOTTLE
Clerk

FOURTH SUPREME JUDICIAL DISTRICT OF TEXAS

SAN ANTONIO, TEXAS

NOEL M. BALDERAS

**Appellant**

VS.

THE STATE OF TEXAS

**Appellee**

APPEALED FROM THE 187th JUDICIAL DISTRICT COURT

OF BEXAR COUNTY, TEXAS

CAUSE NUMBER 2012CR7108

BRIEF FOR APPELLANT

ORAL ARGUMENT WAIVED

JOHN J. RITENOUR, JR.
Milam Building, Suite 1716
115 E. Travis Street
San Antonio, Texas 78205
(210) 222-0125
Fax: (210) 222-2467
State Bar No. 00794533

ATTORNEY FOR APPELLANT

# IDENTITY OF PARTIES AND COUNSEL

**Counsel for The State:**
**At Trial**
Clinton Malloy
Daryl Harris
Kenyata Rico
Assistant Criminal District Attorneys
101 W. Nueva
San Antonio, Texas 78205

**On Appeal**
Nicholas LaHood
Bexar County Criminal District Attorney
101 W. Nueva
San Antonio, Texas 78205

**Trial Court:**
Honorable Raymond Angelini

**Appellant:**
Noel M. Balderas
TDCJ #01966486
Fabian Dale Dominguez State Jail
6535 Cagnon Road
San Antonio, TX 78252

**Counsel for Appellant:**

**At Trial-Plea Entry and Initial Sentencing**
Antonio Pedraza, Jr.
3519 Paesanos Parkway, Suite 105
San Antonio, Texas 78231

**At Trial-1st Motion to Revoke**
Benjamin Rosenbach
112 East Pecan
San Antonio, Texas 78205

**At Trial-2nd Motion to Revoke**
Ruperto Garcia
1301 South IH-35, Suite 109
Austin, Texas 78741

**At Trial-Probation Revocation**
Jesse Van Ness
1121 Buena Vista Street
San Antonio, Texas 78207

(Branden R Lopez)[1]

**On Appeal)**
John J. Ritenour, Jr.
115 E. Travis Street, Suite 1716
San Antonio, Texas 78205

---

[1] Mr. Van Ness is identified as Attorney for the Defendant in the Reporter's Record, but Mr. Lopez is indicated as Attorney for the Defendant in the Judgment.

ii

**TABLE OF CONTENTS**

IDENTITY OF PARTIES AND COUNSEL. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

INDEX OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iv

STATEMENT OF THE CASE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ISSUES PRESENTED.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

STATEMENT OF FACTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT/REVIEW. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    1.    NO ISSUES REGARDING THE CHARGING INSTRUMENT, EVIDENCE REGARDING THE ALLEGATIONS, OR PLACEMENT ON DEFERRED ADJUDICATION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    2.    NO ISSUES REGARDING THE ADJUDICATION OF GUILT OR SENTENCE IMPOSED. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

PRAYER. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

# INDEX OF AUTHORITIES

**TEXAS CASES**

*Kelly v. State*,
     436 S.W.3d 313 (Tex. Crim. App. 2014). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Ex parte Carmona*,
     185 S.W.3d 492 (Tex. Crim. App. 2006). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Manuel v. State*,
     994 S.W.2d 658 (Tex. Crim. App. 1999). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Reasor v. State*,
     281 S.W.3d 129 (Tex. App.—San Antonio 2008, pet. ref'd). . . . . . . . . . . . . . . . 4

**FEDERAL CASES**

*Anders v. California*,
     386 U.S. 738 (1967). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

*Gagnon v. Scarpelli*,
     411 U.S. 778, 93 S. Ct. 1756 (1973).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

**STATUTES**

Tex. Code Crim. Proc. Ann. art 42.12 §5(b). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Tex. Penal Code §12.35. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

**RULES**

Tex. R. App. P. Rule 25. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

**STATEMENT OF THE CASE**

This is an appeal from an adjudication of guilt and the imposition of a sentence in a State Jail Felony, and is presented pursuant to *Anders v. California*, 386 U.S. 738 (1967).

Appellant was charged by Indictment with the offense of Possession of a Controlled Substance, Penalty Group I (Heroin), in an amount less than one gram, on or about March 15, 2012. CR-5.[2] On November 9, 2012, Appellant pleaded nolo contendere to the State Jail Felony charge, in accordance with a plea agreement, and applied for deferred adjudication community supervision. CR-6-11, 34; RR Vol 1. The trial court accepted that plea, and reset the case pending "a TAIP evaluation." RR Vol 1, p-6. On December 14, 2012, the trial court entered an Order of Deferred Adjudication in the matter. CR-36-37. (No Reporter's Record.) The State subsequently filed Motions to Enter Adjudication of Guilt and Revoke Community Supervision (MTEAG) on August 12, 2013, October 9, 2013, and December 19, 2013, and a Motion to Supplement a Pending MTEAG on November 12, 2014. CR-42-43, 45, 47, 55. Following a hearing on September 17, 2013, Appellant's deferred adjudication was continued with modified conditions. CR-44; RR Vol-2. The October 9, 2013 MTEAG was withdrawn by the State on December 19, 2013, apparently following an aborted hearing. CR-48; RR Vol-3. Following a hearing on November 20, 2014, Appellant was adjudicated Guilty, sentenced to 18 months in a State Jail Facility and a $1,000.00 fine. CR-66-67; RR Vol-4. Notice of Appeal was timely filed December 9, 2014.

---

[2] The clerk's record will be referred to as CR-page. The Reporter's Record will be referred to as RR Vol X, p-page.

## ISSUES PRESENTED

After reviewing the record and controlling authority, Appellate Counsel has found no non-frivolous issues to present on appeal.

## STATEMENT OF FACTS

The documentary evidence presented by the State at the plea-entry hearing on November 9, 2012 reveal that on March 15, 2012, thirteen San Antonio Police Officers, including a SAPD SWAT team, executed a search warrant on a residence on W. Lynwood Avenue, in San Antonio, Texas. CR-17-33. Seven people were detained during that search. *Id.* Appellant was found to be in possession of a substance suspected to be heroin, and was arrested. *Id.* Subsequent testing of the suspect substance determined it to be 0.235 grams of heroin. CR-16. Appellant stipulated that those facts were true and correct. CR-12-15. On September 17, 2013, Appellant pled true to alleged violations of failing to report for the month of July 2013, and failing to comply with the rules, regulations or requirements of the Bexar County Community Supervision and Corrections Department Substance Abuse Treatment Aftercare Program. RR Vol 2. He was continued on deferred adjudication community supervision, with amended conditions. *Id.* On November 20, 2014, Appellant pled true to failing to report for the months of January, February, March, April, May, July and August, 2014. RR Vol-4. The trial court found those allegations to be true, adjudicated Appellant guilty, and sentenced him to 18 months in a State Jail Facility and a $1,000.00 fine. CR-66-67; RR Vol-4.

1

## SUMMARY OF THE ARGUMENT

As Appellate Counsel found no non-frivolous issues to present on appeal, the "Argument" in this matter involves a review of the potential issues counsel examined.

## ARGUMENT/REVIEW

**1.**  **NO ISSUES REGARDING THE CHARGING INSTRUMENT, EVIDENCE REGARDING THE ALLEGATIONS, OR PLACEMENT ON DEFERRED ADJUDICATION**

Appellant was charged by indictment, and entered a plea of nolo contendere, to a State Jail Felony offense pursuant to a negotiated plea bargain agreement. CR-5, 6-11, 34; RR-Vol-1. At the time of appellant's plea entry on November 9, 2012, the State introduced documentary evidence in support of the allegations in the form of police reports and a Drug Identification Report. CR-16-33. Appellant did not object to the introduction of that evidence. RR Vol-1, p5. As part of the plea paperwork filed in the matter, Appellant also voluntarily stipulated that the State's evidence was true and correct. CR-12-15. The trial court accepted that plea, and on December 14, 2012 placed Appellant on deferred adjudication community supervision. CR-36-37.

In a plea bargain case - that is, a case in which a defendant's plea was guilty or nolo contendere and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant - a defendant may appeal only:

(A)  those matters that were raised by written motion filed and ruled on before trial, or

(B) after getting the trial court's permission to appeal.

Tex. R. App. P. Rule 25.  Appellant's plea agreement included a voluntary waiver of those appellate rights.  CR-11.  As the trial court's punishment was in accordance with the plea agreement, and did not exceed the punishment recommended by the prosecutor and agreed to by the defendant, the trial court certified that Appellant had no right to appeal that decision.  CR-35.

A defendant who is placed on deferred adjudication community supervision may appeal issues relating to the original plea proceeding only in an appeal taken when deferred adjudication is first imposed. *Manuel v. State*, 994 S.W.2d 658, 661-62 (Tex. Crim. App. 1999); *Cozzi v. State*, 160 S.W.3d 638, 640 (Tex. App.—Fort Worth 2005, pet. ref'd).   The record reflects no attempt to challenge the trial court's certification that he had no right to appeal, nor was a Motion for New Trial filed raising any constitutional or extra-record challenges related to that proceeding.  Thus, there are no non-frivolous issues to raise relating to that original plea proceeding.

2.    **NO ISSUES REGARDING THE ADJUDICATION OF GUILT OR SENTENCE IMPOSED**

On November 20, 2014, Appellant pled true to allegations that he had violated the conditions of his deferred adjudication community supervision. RR Vol 4, p4-5.  That plea was not pursuant to a negotiated plea agreement.  *Id.*  Both the State and Appellant argued for a period of incarceration, but of  different lengths of time.  *Id.*  Neither addressed the question of a fine to be imposed.  *Id.*  The trial court accepted Appellant's plea of true, and

after hearing arguments of both counsel, adjudicated Appellant guilty and sentenced him to term of 18 months in a State Jail Facility and a $1,000.00 fine. CR-66-67; RR Vol-4. As this was an adjudication of guilt following a deferred adjudication, the trial court certified the Appellant had a limited right of appeal. CR-65.

Pursuant to article 42.12, section 5(b) of the Code of Criminal Procedure,

After an adjudication of guilt, all proceedings, including assessment of punishment, pronouncement of sentence, granting of community supervision, and defendant's appeal continue as if the adjudication had not been deferred. A court assessing punishment after an adjudication of guilt of a defendant charged with a state jail felony may suspend the imposition of the sentence and place the defendant on community supervision or may order the sentence to be executed, regardless of whether the defendant has previously been convicted of a felony.

Tex. Code Crim. Proc. Ann. art 42.12 §5(b). Thus Appellant has the right to appeal, limited to the trial court's adjudication of guilt, and the sentence imposed. *Id.*

In the context of a revocation of community supervision, due process requires a hearing, written notice of the claimed violations, disclosure of the evidence against the defendant, an opportunity to be heard and to present witnesses and documentary evidence, a neutral hearing body, and "a written statement by the fact finder as to the evidence relied on and the reasons for revoking probation." *Ex parte Carmona*, 185 S.W.3d 492, 495 (Tex. Crim. App. 2006) (citing *Gagnon v. Scarpelli*, 411 U.S. 778, 786, 93 S. Ct. 1756 (1973)). The trial court is not, however, required to issue separate findings regarding the evidence relied on and the reasons for revoking community supervision if the judgment discloses the grounds for revocation found by the court. *See Reasor v. State*, 281 S.W.3d 129, 136 (Tex. App.—San

4

Antonio 2008, pet. ref'd).

Appellant was provided written notice of the claimed violations. CR-47, 55. There is no indication in the record that evidence against Appellant regarding the alleged violations of community supervision were not disclosed to Appellant. Appellant was provided a hearing, and an opportunity to be heard and present evidence on his behalf. *See*, RR Vol 4. There is no indication in the record that Appellant's plea of true was involuntary. Nor was a Motion for New Trial filed raising any constitutional or non-record evidentiary challenges to those proceedings, including any claims of an involuntary plea, ineffective assistance of counsel or prosecutorial misconduct. There were no motions filed challenging the sufficiency of the Motion to Enter Adjudication of Guilt and Revoke Community Supervision. Thus, there are no issues to raise regarding the adjudication of guilt.

While there was no specific request that the trial court enter specific findings regarding the evidence or the reasons for revoking community supervision, the judgment specifically noted that the court found that Appellant violated condition "#5 as set out in the State's Motion to Adjudicate." CR-66. The sentence of 18 months in State Jail imposed by the trial court was within the range of six months to two years permitted by the Texas Penal Code. *See* Tex. Penal Code §12.35. The trial court ordered credit for 250 days against the sentence imposed on Appellant. CR-66. Pursuant to section 15(h)(2)(A) of Article 42.12 of the Texas Code of Criminal Procedure, that action is discretionary with the trial court. *See* Tex. Code Crim. Proc. art 42.12 §15(h)(2)(A). Such credit is mandatory for time spent in a state jail

5

facility as a condition of probation, or in a court-ordered residential treatment program, if that treatment program was successfully completed. *See* Tex. Code Crim. Proc. art 42.12 §15(h)(2)(B). Appellant did not spend time in a state jail facility as a condition of probation. While the details are unclear from the record, the time credited was apparently for the periods Appellant was incarcerated in county jail pending hearings, as a condition of community supervision, and for time spent in the court-ordered residential treatment facility. While Appellant was indigent at the time of the initial plea entry, he agreed to the modification to the conditions of community supervision ordering that he pay the associated court appointed attorney fees. CR-44. Thus, there are no non-frivolous issues to raise relating to the adjudication of guilt or the sentence imposed.

## CONCLUSION

After reviewing the record and relevant authorities, it is the professional judgment of Counsel for Appellant that there are no viable points of error to be raised in this matter, and that this appeal is frivolous.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Counsel for Appellant prays that the adjudication of guilt and judgement of sentence be affirmed.

Respectfully submitted:

   /JOHN J. RITENOUR, JR.   
JOHN J. RITENOUR. JR.
State Bar No. 00794533
Milam Building, Suite 1716
115 E. Travis Street, Suite 1716
San Antonio, TX 78205
(210) 222-0125
Fax: (210) 222-2467
Ritenourlaw@aol.com

*Attorney for Appellant*

## CERTIFICATE OF SERVICE

I hereby certify that on this the    16th    day of   March  , 2015 I electronically served a copy of this **Brief for Appellant** on the District Attorney for Bexar County, Texas, (ATTN: Appellate Section) by addressing it to Jeanette.Canales@Bexar.org through the Texas efiling system.

I further certify that on this the    16th    day of   March  , 2015, I forwarded a copy of **Brief for Appellant** to Appellant Noel M. Balderas, TDCJ #01966486, Fabian Dale Dominguez State Jail, 6535 Cagnon Road, San Antonio, TX 78252, by U. S. Mail, accompanied by a letter advising Appellant of counsel's Motion to Withdraw, and of Appellant's rights in accordance with *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014), as well as a **Motion for *Pro Se* Access to the Appellate Record**, completed except for completion of the date of mailing to the Court of Appeals, and Appellant's signature.

   /S/JOHN J. RITENOUR, JR.   
JOHN J. RITENOUR, JR.

**CERTIFICATION OF COMPLIANCE OF DOCUMENT LENGTH**

I certify that the body of the foregoing document contains 1809 words, as determined by the word count feature of WordPerfect X6.

/S /JOHN J. RITENOUR, JR.
JOHN J. RITENOUR, JR.